UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AMERICAN SYSTEMS CORPORATION,

    Plaintiff,

v.                                          Case No. 04-C-909

TRANSCONTINENTAL INSURANCE COMPANY,

    Defendant.

**ORDER**

The defendant filed a motion for partial summary judgment on July 29, 2005 at 9:53 a.m., followed at 1:34 p.m by an amended motion for summary judgment seeking total (rather than partial) relief. On August 31, 2005 at 12:30 p.m., the defendant filed a "reply" brief, although because the plaintiff had not yet responded to its motion in any fashion it remains unclear to what the defendant was replying. Logically, and (more importantly) under the Local Rules (which allow a reply brief "within 15 days of service of the response brief" Civil L.R. 56.2(c); 7.1(c)) the defendant's "reply" brief was misplaced. In any event, the plaintiff's failure to respond to the summary judgment motion was actually the *casus belli* of the "reply" brief, which noted that under the Local Rules the plaintiff's response brief was due more than 36 hours earlier.

Less than two hours after the defendant's "reply" brief was filed, however, the plaintiff (perhaps prompted by the defendant's attention to punctuality) did file its long-awaited response brief. Apparently this was not unexpected by the defendant, however, because in its "reply" brief filed two hours earlier it had wisely anticipated the eventuality by stating that "if ASC files an untimely response/opposition brief at some later date, Transcontinental does not waive, but instead

expressly reserves the right to file a reply brief addressing any substantive arguments set forth by ASC." (Defendant's "Reply" brief at 1.) Thus, having reserved its right to respond to any arguments the plaintiff might (and did) make, the defendant did so by virtue of a *second* reply brief it filed on August 15, 2005 in which it addresses the merits (rather than the timing) of the plaintiff's response brief.

It is that second reply brief which has become the particular focus of the plaintiff's ire. With attention to the Local Rules rivaling the defendant's, the plaintiff has moved to strike it on the grounds that reply briefs are limited to 15 pages and that the defendant's *two* reply briefs exceed that limit: the first brief was roughly 3 pages and the second was 16. The defendant defends the filing of its second brief on the grounds that, if the plaintiff had timely responded to its summary judgment motion in the first place, it would not have needed to file one brief pointing out the plaintiff's lateness and another one addressing the merits.

The trouble with the defendant's argument is that the scheduling order in this case states that, "On or before July 29, 2005, all dispositive motions shall be served and filed. On or before August 31, 2005, all response briefs shall be served and filed." Thus, under the order's express language, the plaintiff's August 31 response to the defendant's motion for summary judgment would clearly have been not only timely but actually early by more than nine hours. But the scheduling order, the defendant notes, also provided that summary judgment motions must comply with Civil L.R. 56.2(b), which requires that "Any materials in opposition to a [summary judgment] motion . . . must be filed within 30 days from service of the motion." Because 30 days from July 29 would be August 29 (accounting for the weekend of August 27-28), the defendant believed in good faith that the plaintiff's August 31 response was tardy.

Because one portion of the scheduling order specifically allowed response briefs until August 31, while another section directed the parties to compute deadlines based on the Local Rules

2

(resulting in an August 29 deadline), confusion was inevitable and should have been foreseen. What could not be foreseen was that the parties would seize on the confusion so fastidiously and with such a passion for enforcing some, but not all, of the Local Rules. The defendant, who so eagerly stepped forward on August 31 to point out the plaintiff's purported lateness, would surely not have filed its "reply" brief to that effect had it observed that the scheduling order itself explicitly allowed response briefs for dispositive motions to be filed until August 31. Indeed, though its "reply" was purportedly based firmly in the Local Rules, it neglected to note that those selfsame Rules allow for replies only after service of response briefs.

The plaintiff, for its part, was surely within its rights by moving to strike the second reply brief. But even accepting its theory–that grouping the two replies together resulted in 19, rather than 15, pages–one wonders why such a violation would be worthy of the plaintiff's–and this court's–attention. Such exercises are a waste of the attorneys' time, the clients' funds, and this court's scarce resources.

But since both parties seem intent on adherence to the Local Rules, I will enforce them to the following effect: I will deny the plaintiff's motion to strike the entire second reply brief but I will strike, upon my own motion, the *first* reply brief (for the reasons stated above) as well as the final page of the defendant's *second* reply brief. That will get us down to roughly 15 pages and will allow all parties involved to sleep easier, comforted by the knowledge that the Rule of Law has triumphed.

**SO ORDERED.**

Dated this   4th   day of October, 2005.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge
